IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN CHARLES PICKETT, JR.,

    Plaintiff,                              No. 2:11-cv-2321 JFM (PC)

    vs.

SACRAMENTO SUPERIOR COURT, *et al.,*

    Defendants.                        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim.  On February 24, 2009, plaintiff filed a request for DNA test funding in the Sacramento County Superior Court pursuant to California Penal Code § 1405.[1]  Compl., Ex. C.  On March 9, 2009, Johnston was appointed by the superior court to brief the court concerning the matter.  Id.  On April 13, 2010, the superior court judge denied DNA test funding.  Id.  Plaintiff filed a writ of mandate with the California Court of Appeal, Third Appellate District, which denied the writ on May 27, 2010.  Doc. No. 1 at 41.  Plaintiff then filed a writ of habeas corpus to the California Supreme Court, which denied the writ on January 19, 2011.  Id. at 40.  Plaintiff initiated this action on September 1, 2011, and seeks DNA test funding pursuant to 18 U.S.C. § 3600.  Plaintiff alleges that defendants Sacramento County Superior Court and Kate Johnston, Esq., his court-appointed attorney, deprived him of his constitutional rights by denying or causing to deny his request for DNA evidence.

        Under the relevant provisions of 18 U.S.C. § 3600:

> (a) In general.-Upon a written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense (referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply:
>
>     (1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of-

---

[1] Plaintiff sought the DNA evidence in relation to his 1996 conviction in state court.  Plaintiff previously challenged that conviction in a habeas proceeding in this court, which was denied on the merits on November 2, 2001.  See Case No. 2:98-cv-1748-WBS-DAD.  In 2003, the Ninth Circuit affirmed the judgment of the district court.  Id., Doc. No. 27.

3

        (A) the Federal offense for which the applicant is under a sentence of imprisonment or death; or

        (B) another Federal or State offense, if-

            (i) evidence of such offense was admitted during a Federal death sentencing hearing and exoneration of such offense would entitle the applicant to a reduced sentence or new sentencing hearing; and

            (ii) in the case of a State offense-

                (I) the applicant demonstrates that there is no adequate remedy under State law to permit DNA testing of the specified evidence relating to the State offense; and

                (II) to the extent available, the applicant has exhausted all remedies available under State law for requesting DNA testing of specified evidence relating to the State offense ...

18 U.S.C. § 3600.

By its own terms, Section 3600 applies only to persons "under a sentence of imprisonment or death pursuant to a conviction for a federal offense." 18 U.S.C. § 3600(a). Section 3600 does allow an individual averring innocence of a state offense to move for DNA testing under some circumstances, if he or she fulfils the other statutory requirements. See § 3600(a)(1)(B). When the statute is read as a whole, however, it is clear that an individual challenging a state conviction must be under a sentence pursuant to a conviction for a federal offense, 18 U.S.C. § 3600(a), and the state conviction must have contributed to his or her federal death sentencing hearing, 18 U.S.C. § 3600(a)(1)(B)(ii)(I). Because plaintiff is in custody only for state law convictions, and has not been sentenced for a federal offense, plaintiff cannot move for DNA testing under 18 U.S.C. § 3600.

To the extent plaintiff alleges that the state court's order violates Cal. Pen. Code § 1405 or other state law, such a claim does not arise under the federal Constitution or laws and is thus not cognizable in this federal civil rights action. Cornejo v. County of San Diego, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

Finally, insofar as plaintiff is arguing that he has a Due Process right to access DNA evidence for testing, the United States Supreme Court has held that there is no freestanding federal constitutional right to access DNA evidence. D.A.'s Office v. Osborne, 577 U.S. 52 (2009) ("We reject the invitation [that we recognize a freestanding right to DNA evidence] and conclude, in the circumstances of this case, there is no such substantive due process right."). In particular, a prisoner has no substantive due process right to obtaining DNA evidence after his conviction. Id. at 2322-23. Rather, a person claiming a due process violation with regard to post-conviction DNA testing must show that he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trial has proved otherwise." Id. at 2319. If he makes such a showing, he must then show that the state's procedure for obtaining DNA evidence is constitutionally inadequate because it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." Id. at 2320. Because a convicted prisoner does not have the same liberty interest as a criminal defendant who had not yet been convicted, the state correspondingly has more flexibility in deciding what procedural protections to afford in the context of post-conviction relief. Id. at 2320.

Plaintiff has failed to allege that Penal Code Section 1405, which provides the method under which a person in prison may seek and obtain DNA evidence, offends some fundamental principle of justice or is fundamentally unfair so as to violate due process. See Clifton v. Cline, 2009 WL 256548 (E.D. Cal. 2009) (finding California's procedures for obtaining access to evidence for DNA testing pursuant to Section 1405 satisfy due process requirement of fundamental fairness); Soderstrom v. Orange County District Attorney, 2009 WL 3805647(C.D. Cal. 2009) (holding that California's procedures, as in Osborne, are entirely adequate to satisfy due process). As a result, the alleged facts do not state a claim that defendants violated his constitutional right to due process by denying his post-conviction request for evidence for DNA testing or for funds to test the evidence.

1 Plaintiff's complaint, therefore, must be dismissed. Plaintiff will however be granted leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for appointment of counsel is denied;

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 22, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;pick2321.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN CHARLES PICKETT, JR.,

     Plaintiff,                               No. 2:11-cv-2321 JFM (PC)

    vs.

SACRAMENTO SUPERIOR COURT, *et al.,*     NOTICE OF AMENDMENT

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

          _____      Amended Complaint

DATED:

                                                             Plaintiff