IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN CHARLES PICKETT, JR.,

    Plaintiff,                                No. 2:11-cv-2321 JFM (PC)

   vs.

SACRAMENTO SUPERIOR COURT, *et al.,*     ORDER AND

    Defendants.                      FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 23, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's amended complaint to be repetitive of the same claims that were dismissed from the initially filed complaint. That is, plaintiff again alleges that his state and federal constitutional rights were violated when his state motion for DNA testing, brought pursuant to California Penal Code § 1405, was denied by the Sacramento County Superior Court. Additionally, plaintiff again claims his court-appointed counsel in the

state proceeding concerning his motion for DNA testing was ineffective.  For the reasons set forth in this court's December 23, 2011 order, these claims are dismissed.

Next, plaintiff contends he was denied equal protection, yet alleges no facts to support this claim.  Thus, this claim should be dismissed.

Lastly, plaintiff brings a claim for ineffective assistance of counsel with respect to his federal habeas proceeding in this court in case No. 2:98-cv-1784-WBS-DAD.  This claim is not cognizable in the instant civil rights action.  Moreover, plaintiff's claim is legally frivolous. See Moran v. McDaniel, 80 F.3d 1261, 1271 (9th cir. 1996) (holding that there is no constitutional right to effective assistance of counsel in state or federal habeas proceeding); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996) ("We and the Supreme Court have held that there is no constitutional right to effective assitance of counsel in habeas corpus cases."). See also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . .").

Plaintiff has now had two opportunities to present a cognizable claim.  Because the allegations in plaintiff's first amended complaint are repetitive of those set forth in his original complaint, and because the two new claims are meritless, the court finds that granting plaintiff a third opportunity to present a cognizable claim would prove futile.  See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").  Accordingly, the undersigned does not recommend granting leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed and this case be closed.

/////

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
6   that failure to file objections within the specified time may waive the right to appeal the District
7   Court's order.  <u>Martinez v. Ylst</u>, 95 1 F.2d 1153 (9th Cir. 1991).
8   DATED: July 9, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;pick2321.14am.jfm